Hart, J.
 

 The sole question to be determined in this ■case is whether the entire tract of land of the appellant, the Evergreen Memorial Park Association, is held by it exclusively for burial purposes, and in no
 
 *6
 
 wise with a view to profit, and whether being so held it is exempt from taxation.
 

 Section 2, Article XII of the Constitution, provides in part that “Land and improvements thereon shall be taxed by uniform rule according to' value. * * * general laws' may be passed to exempt burying grounds, *
 
 * *
 
 but all such laws shall be subject to alteration and repeal.”
 

 Pursuant tó the authority thus granted, the General Assembly in 1859 passed an act (56 Ohio Laws, 175, 177, Section 3), a portion of which was substantially in the form of Section 5350, General Code, as it now exists. This section in its present form is as follows:
 

 “Lands used exclusively as graveyards, or grounds for burying the dead, except such as are held by a person, company or corporation with a view to profit, or for the purpose of speculating in the sale thereof, shall be exempt from taxation.”
 

 This section of the statutes was originally enacted to provide for the exemption from taxation of all sorts of burying grounds, including private burying grounds, church, community, township and municipal cemeteries. The only limitation barring such exemption was that the lands must not be
 
 held
 
 “with a view to profit, or for the purpose of speculation in the sale thereof. ’ ’
 

 Antedating the legislation above referred to, the General Assembly, on February 24, 1848, passed an act (46 Ohio Laws, 97) authorizing the incorporation of cemetery associations. Section 6 of the act provides as follows:
 

 “Burial lots sold by such association shall be for the sole purpose of interments, and shall be subject to the rules prescribed by the association, and shall be exempt from taxation, execution, attachment, or any other claim, lien, or process whatever, if used exclu
 
 *7
 
 sively for burial purposes, and in no wise with a view to profit.”
 

 It will be noted that under this act, the burial lots, when sold by the association, became exempt from taxation, execution, attachment or any other claim or lien if used exclusively for burial purposes. That act was amended in 1875 (72 Ohio Laws, 113). Section 5 •of the act as amended enlarged the power and privileges of cemetery associations so as to permit them to acquire and “hold, not exceeding 100 acres,
 
 ivhich said land
 
 shall be exempt from execution, from taxation, and from being appropriated to .any other public purpose, if
 
 used
 
 exclusively for burial purposes, and in no wise with a view to profit.” (Italics ours.)
 

 It is to be observed that the
 
 lands held
 
 by such association and not merely the lots sold by it, then became exempt from taxation if
 
 used
 
 exclusively for burial purposes and in no wise with a view to profit.
 

 This section of the act became Section 10093, General Code. It was amended in 1921 (109 Ohio Laws, 172) and again in 1931 (114 Ohio Laws, 227). The pertinent parts of the section as amended and in force at the time appellant applied to the Board of Tax Appeals for the exemption of its lands from taxation was as follows:
 

 “A company or association incorporated for cemetery purposes may appropriate or otherwise acquire and
 
 may hold,
 
 not exceeding six hundred and forty acres of land; also, take any gift or devise in trust for cemetery purposes, or the income from such gift or devise according to the provisions of such gift or devise, in trust,
 
 all of ivhich
 
 shall be exempt from execution and from being appropriated for any public purpose
 
 and shall he exempt from taxation, if held exclusively for hurial purposes, and in no ivise ivith a-view to profit.”
 
 (Italics ours.)
 

 
 *8
 
 It will be observed that under the form of the statute as above quoted, appellant or any other cemetery association may acquire and hold not exceeding 640-acres of land
 
 all of which shall be exempt from taxation,
 
 if
 
 held
 
 exclusively for burial purposes and in no wise with a view to profit. In other words, it is not-now necessary that all the lands held by a cemetery association be
 
 used
 
 for burial purposes but only that they be
 
 held
 
 exclusively for burial purposes. The law on this point is well stated in 7 Ohio Jurisprudence, 62, Section 53, as follows:
 

 “Under General Code Section 5350, and under General Code -Section 10093 as it was originally enacted, this exemption extends to lands ‘used’ exclusively for burial purposes, except such as are held with a view to profit. In 1921, the latter section was amended by changing the word ‘used’ to ‘held,’ so as to exempt lands of a cemetery corporation ‘if held exclusively for burial purposes and in no wise with a view to profit.’ In a case decided before such amendment it was held that a tract of land belonging to a cemetery association was not entitled to exemption where it was not. platted and no lots therein were sold and no interments-made, until after the date upon which the lien for taxes-attached to all taxable real property, even though it was purchased with the intention of using it ultimately as an addition to the existing cemetery of the association and some steps had been taken to prepare it for such use. But under the statute as amended it seems that all lands held by a cemetery corporation exclusively for burial purposes and in no wise with a view to-profit, are exempt from taxation regardless of whether or not they are in actual use, or even in process of preparation, for burial purposes.”
 

 In 1927, Honorable Edward C. Turner, then Attorney General of Ohio but now a member of this court,
 
 *9
 
 had occasion in Ms official capacity to construe Section
 
 10093,
 
 General Code. In the course of his opinion on this subject (Opinions of the Attorney General, 1927, page 135) he said:
 

 “Under the provisions of Section 10093, General Code, lands held by a cemetery association exclusively for burial purposes and in no wise with a view to profit, regardless of whether or not said lands are in process of preparation for burial purposes, are exempt from taxation * * *. The conclusion then is that the lands held by The Spring Grove Cemetery Association [Cincinnati] under the provisions of Section 1Ó093 are exempt from taxation if they are held exclusively for burial purposes and in no wise held with a view to profit. This is true regardless of whether or not said lands are in process of preparation for burial purposes.”
 

 Finally, the implications arising from the provisions of the latter part of Section 10093, General Code, would seem to be conclusive of its meaning on this point. It is therein provided that “the trustees of such company or association, whenever in their opinion
 
 any portion of such lands
 
 is unsuitable for burial purposes, may sell and convey by deed in fee simple, in such manner, and .upon such terms as may be provided by resolution of such trustees,
 
 any such portion or portions of said lands,
 
 and apply the proceeds thereof to the. general purposes of the company or association; but on such sale or sales being made, the lands so sold
 
 shall he returned by the trustees to the auditor of the proper county, to be by him placed tipon the grand duplicate for
 
 taxation.” (Italics ours.)
 

 The fact that a cemetery association may sell land which it has acquired but which it has found to be unsuitable for burial purposes, whereupon such lands must be restored to the tax duplicate, can mean only that lands held but not used by the association ex
 
 *10
 
 clusively for burial purposes, are, while so held, exempt from taxation.
 

 It is quite clear that Sections 5350 and 10093, General Code, have concurrent operation and both must be considered as bearing upon the questions at issue. The Board of Tax Appeals denied the application for the exemption of the 20.01 acres of the tract held by appellant because it found that these acres were not
 
 used
 
 exclusively for cemetery purposes. The board could deny such exemption only when it found that the acres were not
 
 held
 
 exclusively for burial purposes, or that they were held with a view to profit. There is nothing in the record to rebut the evidence of the appellant that the lands in question were held by it exclusively for burial purposes, and the Board of Tax Appeals did not find that they were not so held. Appellant, under its articles of incorporation and charter powers, cannot legally hold lands for any other .purpose.
 

 Neither is there any evidence in the record that the lands in question are held by the appellant with a view'to profit. The evidence on this subject is to the contrary. There is no evidence that the land and improvements were sold to the appellant for more than they were worth, and besides the statute must be concerned with the profit that might be made by the appellant as the holder of the property and not the profit which may have been made by the party who sold the property to the association. Furthermore, the Board of Tax Appeals did not deny the application because the property was being held with a view to profit. The evidence that the property is not being held by the appellant with a view to profit is undisputed and there is no issue made in the record on this point.
 

 •The decision of the Board of Tax Appeals is affirmed in part and reversed in part, and the board is
 
 *11
 
 directed to exempt from taxation the remainder of the tract in question held by appellant, consisting of approximately 20.01 acres.
 

 Judgment accordingly.
 

 Zimmerman, Bell and Williams, JJ., concur.
 

 Weygandt, C. J., Matthias and Turner, JJ., dissent.